# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:04CV526-C

| | |
|---|---|
| JEAN SCOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| JOHN POTTER, POSTMASTER ) | |
| GENERAL, UNITED STATES ) | |
| POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Dismiss Claim Based on State Law" (document #5) and "Memorandum ... in Support ..." (document #7), both filed January 24, 2005. The Plaintiff has not filed a Response and the time for filing a responsive brief has long expired.

On June 20, 2005, this matter was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

## I. PROCEDURAL AND FACTUAL BACKGROUND AND DISCUSSION

On October 12, 2004, the Plaintiff, a former employee of the United States Postal Service, filed her Complaint, seeking damages for gender and race discrimination in violation of in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(e)(1) ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), and the public policy of North Carolina.

On February 7, 2005, the Defendant filed his Answer and the subject Motion to Dismiss as to the Plaintiff's state public policy claim.

Plaintiff's counsel has informed chambers' staff telephonically that the Plaintiff consents to the dismissal of her state law public policy claim, which is denominated as her "Third Cause of Action" but, as the Defendant points out, is actually her fourth claim for relief.

Accordingly, with the Plaintiff's consent and for the other reasons stated therein, the undersigned will respectfully recommend that the Defendant's Motion to Dismiss be <u>granted</u>.

In addition, the undersigned will <u>order</u> the parties' counsel to conduct the Initial Attorneys' Conference ("IAC") and certify the same as provided by the Local Rules.
.

## II. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Defendant's "Motion to Dismiss" (document #5) be **GRANTED** and that the Plaintiff's state law public policy claim, which is denominated as her "Third Cause of Action," be **DISMISSED WITH PREJUDICE**.

## III. ORDER

**IT IS ORDERED** that on or before June 30, 2006, the parties' counsel shall meet and conduct the Initial Attorneys' Conference, and within five days thereafter, shall file their "Certification of Completion of Initial Attorneys' Conference" as provided by Local Rule 16.1.

## IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. <u>Page v. Lee</u>, 337 F.3d 411, 416 n.3 (4th Cir. 2003); <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1365 (4th Cir. 1989); <u>United States</u>

v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder, 889 F.2d at 1365. Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Wells, 109 F.3d at 201; Page, 337 F.3d at 416 n.3; Thomas v. Arn, 474 U.S. 140, 147 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

Signed: May 24, 2006

_____
Carl Horn, III
United States Magistrate Judge